HENRY C. PEAK et al., Appellants, v. J. LAUGHLIN et al., Respondents.

1. *Equity — Partition sale of lands under — Person having interest not a party — Action to set judgment aside, etc.*— One claiming an interest in lands sold in a partition suit, to which he was not a party and by which he was not bound, is not entitled to a decree in a court of equity setting the proceedings aside on the ground that the same were fraudulent and void.

2. *Practice, civil — Demurrer — Filing of out of time.*— Permission to file a demurrer after the time originally fixed for pleading has elapsed, may be exercised in the sound discretion of the court.

*Appeal from Scott Circuit Court.*

*Ellis & Brown*, for appellants.

*Davis, Thoroughman & Jones*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

This is a suit in equity, brought to set aside the judgment and proceedings in a partition suit to which the plaintiffs were not parties. The plaintiffs, however, claim to hold an individual interest in the lands embraced in the partition suit, and allege that the proceedings and judgment therein were fraudulent and void, and on that ground seek to have them set aside and held for naught. That seems to be the substance and result of the petition, although it is greatly overloaded with irrelevant and superfluous matter.

The Circuit Court sustained a demurrer to the petition, and we are asked to review its action in that respect. It has not been

Peak et al. v. Laughlin et al.

explained to us how the present plaintiffs can be injuriously affected by the proceedings complained of. They were not parties to them and not bound by the result. They were not only not parties, they do not claim to hold under any one who was, nor do they claim to have purchased *pendente lite*. How, then, can they be prejudiced by the result of that suit? No right of theirs was involved, and consequently no right of theirs was adjudicated.

It is, moreover, claimed, and the plaintiffs' counsel have asserted the proposition in their brief, that the judgment and proceedings in question were not only voidable, but absolutely and "utterly void." Why, then, come into a court of equity to set them aside? If the proceedings were not only voidable, but "utterly void," the judgment therein rendered cannot seriously embarrass the plaintiffs in asserting their rights in any appropriate suit, or cloud their title. But the effect of the proceedings, however valid, did not extend beyond the parties to the litigation. The rights of the plaintiffs, they not being parties, were not compromised by the judgment therein rendered. That judgment is no bar to any suit they may bring to vindicate their supposed property interests, nor can it be an impediment in their way in the prosecution of such suit.

It is not perceived that the court erred in sustaining the demurrer. The court permitted the filing of the demurrer after the time originally fixed for pleading had elapsed. That was a matter within the discretion of the court, and its discretion in that respect does not appear to have been unsoundly exercised. If the petition stated no cause of action it would be folly to subject the parties to the expense of procuring evidence.

The judgment will be affirmed. The other judges concur.