ANNIE O'HOWELL, RESPONDENT, v. SAMUEL O. MILLER ET AL., DEFENDANTS, ROY MILLER, GARNISHEE, APPELLANT.*

Kansas City Court of Appeals.   December 17, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 1593, p. 1431, n. 90; 4CJ, section 1760; p. 141, n. 2; Garnishment, 28CJ, section 488, p. 323, n. 17.

*A. F. Harvey* and *Dubois & Miller* for respondent.

*Wright & Ford* for appellant.

BLAND, J.—This is a motion by garnishee, Roy Miller, to set aside and vacate judgments rendered against the garnishees, Farmers Bank of Parnell and himself. The court overruled the motion and movant appeals.

No bill of exceptions having been filed, the case is here before us on the record proper. [Mastin v. Ireland, 8 S. W. (2d) 900.] The record proper discloses that a suit on a promissory note in the sum of $1500 was brought in the circuit court of Worth county on August 6, 1925, by Annie O'Howell against Samuel O. Miller and Josie Miller. Defendants made default and on November 11, 1925, during the November term of that court, judgment was rendered against the defendants and in favor of plaintiff in the sum of $1674.90, together with attorney's fees in the sum of $163.62. On December 22, 1925, execution was issued to the sheriff of Worth county. On the

8th day of April, 1926, said sheriff made return of the execution which shows, in part, that Roy Miller had been summoned as garnishee. On December 21, 1925, a general execution was issued to the sheriff of Nodaway county. On the 8th day of February, 1926, the sheriff of Nodaway county made a return of the execution which shows, in part, that the Farmers Bank of Parnell was summoned as garnishee. The return recites that the sheriff not only attached and levied upon all "debts due or owing by said bank to defendant, Samuel O. Miller and Josie Miller" but *"all debts owing from said bank to Roy Miller."* (Italics ours.) On the 8th day of February, 1926, at the February term of said court, plaintiff filed separate interrogatories to garnishees, Roy Miller and Farmers Bank of Parnell. On March 23, 1926, said bank filed answers to the interrogatories to it. On said last-mentioned day plaintiff filed a denial of the garnishee bank's answer. On April 8, 1926, at the February term, the court rendered judgment against the garnishee bank in the sum of $690.04. This sum was made up of $2.30 which the bank had admitted was in its hands as the property of the defendant, Samuel O. Miller, and on deposit with it in his name, and $687.74 which had been deposited in the bank by Roy Miller in his own name, and which the judgment recites was derived "from the sale of sheep . . . to Sidney Sanders, which sheep were the property of defendant, Samuel O. Miller." On the same day the court rendered a separate judgment against garnishee, Roy Miller, in the sum of $1287.74, which sum was made up of the item of $687.74 arising from the sale of said sheep to Sanders, which sum was deposited by Roy Miller in the bank to his, Roy Miller's, credit, and the sum of $600 arising from the sale of hogs to one Emmitt Bishop for which Roy Miller received the sum of $600 belonging to the defendant, Samuel O. Miller.

It appears from the abstract filed here by the appellant that at the November term, 1926, of the circuit court of Worth county, Roy Miller filed a motion to set aside and vacate the judgments entered by the court against the bank and himself. This motion attacks the jurisdiction of the court to render judgment against the garnishees on various grounds, among which was the following:

"There was no valid levy on the money of this garnishee, held on deposit by the Farmers Bank of Parnell. . . .

"At the time of the pretended rendition of judgment the estate of the said Samuel O. Miller was being administered in bankruptcy and this court was without jurisdiction in the premises.

"The said judgment against Samuel O. Miller was rendered on the eleventh day of November, 1925, and on the 13th day of January, 1926, and in less than four months thereafter the said Samuel O. Miller, was adjudged a bankrupt and said judgment was thereby

rendered of no effect and this court has no right to further proceed under said judgment.''

There appears in the abstract filed here by appellant several documents purporting to be copies of records of the United States District Court concerning bankruptcy proceedings in the case of Samuel O. Miller. However, as before stated, there being no bill of exceptions, we cannot consider any testimony which it is claimed was introduced by appellant in support of his motion.

In his brief appellant makes but one assignment of error, that is that ''the court erred in overruling the motion to vacate and set aside the judgment entered against the garnishees, Farmers Bank of Parnell, Missouri, and Roy Miller.'' Under his points and authorities appears the following, among others—

''The attempted seizure of all 'debts due or owing from the Farmers Bank of Parnell to Roy Miller' was void and of no effect as the sheriff had no execution against Roy Miller and no authority to seize or levy upon his property.

''Roy Miller was not a party to the garnishment proceeding in which the judgment the Farmers Bank of Parnell and the judgment of the court holding that money deposited in his name was the property of Samuel O. Miller, was therefore void and of no effect and should have been set aside and vacated.''

No authorities are cited in support of these points made by appellant and for this reason alone we would be justified in ignoring them. [Francis v. City of West Plains, 226 S. W. 969.] However, it seems that a mere reading of them shows that they answer themselves. If Roy Miller was not a party to the garnishment proceedings in which judgment against the bank was rendered, then we are at a loss to understand how he can complain. [Peak v. Laughlin, 49 Mo. 162.] In its judgment against the bank the court did not attempt to hold any money in the bank belonging to Roy Miller. There is nothing to indicate that it gave any efficacy to the return of the sheriff that he attached ''all debts due or owing from said bank to Roy Miller.'' The judgment against Roy Miller recites that the $687.74 in the bank in his name was the property of Samuel O. Miller. This was an adjudication as to this money against Roy Miller in a case in which he was a party. [Mueller v. Reimer, 46 Minn. 314, 315.]

While the two judgments cover in part the same fund, no point is raised as to this. Of course, there can be but one satisfaction.

In addition to these points appellant makes several points in reference to the adjudication of Samuel O. Miller as a bankrupt, and the effect of that adjudication on these proceedings, but we are unable to go into these matters for the reason that there is no bill of exceptions in the case and without a bill of exceptions containing the

proceedings in bankruptcy, upon which these points are made, we are unable to pass upon these contentions.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.