CORA HART, RESPONDENT, v. MISSOURI STATE LIFE INSURANCE CO., APPELLANT.—79 S. W. (2d) 793.

Kansas City Court of Appeals.   January 28, 1935.

*McFarland & Edsell, D. A. Routh* and *Hume & Raymond* for respondent.

*Phelps & McCaffree* for appellant.

CAMPBELL, C.—The International Life Insurance Company, on October 10, 1925, issued to Joseph Hart a policy of life insurance in the sum of $500 which, by its terms, expired December 1, 1933. The policy says that it was issued in exchange for a certificate of

membership of the Mutual Protective League and the contract of reorganization of said league with the Protective League Life Insurance Company. The premium was $1.26, payable on the first day of each month. The obligations of this policy were assumed by the defendant Missouri State Life Insurance Company on August 25, 1928. The insured died December 13, 1932. Thereafter, plaintiff, the beneficiary in the policy, brought this suit based upon the policy and the contract of assumption, seeking to recover the amount of the policy, penalties and attorney's fees. She had a verdict and judgment in the sum of $662.62. The defendant has appealed.

In July, 1932, the insured sent to defendant the sum of $1.26 in payment of the premium for the month of May, 1932. The defendant, on July 11, 1932, wrote to the insured, acknowledged receipt of the remittance, stated that the policy had lapsed "in accordance with its terms," enclosed application for reinstatement and requested the insured to "complete this form correctly and in detail." The insured completed the form, stated therein that he was in good health and returned it to the defendant on July 15. On July 13, the defendant received from the insured the sum of $3.78 covering the premiums for June, July and August. The defendant, on August 13 wrote to the insured, saying that it was "sorry" that it was unable to approve his application for reinstatement and enclosed check for $5.04 in refund of the premiums which were tendered. The insured received the check, endorsed and cashed it.

Under the head, "Points and Authorities," the defendant contends that its demurrer to the evidence should have been sustained for the reason that the policy lapsed for nonpayment of the premium due May 1, 1932, and that insured acquiesced in the forfeiture of the contract and was thereby precluded from asserting any further right or interest thereunder. No authority is cited in support of this contention.

The defendant under the terms of the policy had the right to insist upon prompt payment of premium but it did not do so. On the contrary it permitted the insured to pay premiums long after they were due. In such circumstances the defendant did not have the right to refuse to accept the premiums tendered by the insured covering the months of May, June, July and August. [Wagaman v. Security Mutual Life Ins. Co., 110 Mo. App. 616; Wacher v. National Life & Accident Ins. Co., 210 Mo. App. 586, 213 S. W. 869.]

The record discloses that the defendant, before it returned the premiums, had definitely concluded to declare a forfeiture of the policy. There was nothing that the insured could have done which would have prevented such action on the part of the defendant. The insured did not do or omit to do anything which misled the defendant to its hurt. Hence, there was no estoppel. "Estoppel arises

only when one is misled to his hurt by conduct of another." [Losee v. Crawford, 5 S. W. (2d) 105.]

The defendant complains of the action of the court in permitting a witness for plaintiff to testify concerning a conversation she had with defendant's agent McCaslin, who was in charge of defendant's office. The evidence was introduced for the purpose of showing waiver of proof of death. The answer admitted the execution of the policy and contract of assumption and pleaded that the policy was forfeited for the nonpayment of the premium due May 1. Hence, evidence tending to show waiver of proof of the death was harmless as well as unnecessary. The other questions presented under points and authorities are as follows:

"3.

"(a) An instruction which is a comment upon the evidence is erroneous and ground for reversal.

"(b) An instruction which submits questions to the jury not based upon competent evidence is reversible error.

"(c) An instruction submitting matters to the jury not properly pleaded in a petition is erroneous.

"(d) An instruction which directs the jury to find for a certain party, finding certain facts to be true which does not take into consideration all material facts is erroneous.

"(e) Defendant's Instruction 'A' was a correct statement of the law and the court's refusal to give same was error.

"4.

"The state in which the last act of a contract is performed is the state the laws of which govern in all matters of interpretation of a contract."

Manifestly, points 3 and 4 present mere abstract legal propositions and are too general for consideration. [Johnson v. Ragan, 178 S. W. 159; Campbell v. Campbell, 20 S. W. (2d) 655; Hunt v. Hunt, 270 S. W. 365, 369.] Furthermore, the points are unsupported by citation of authority and are, therefore, not reviewable. [Murphy v. Fidelity National Bank & Trust Co., 49 S. W. (2d) 668.]

There was no evidence sustaining the contention that the policy sued upon a Kansas contract. The insured received a benefit certificate issued in Kansas which was exchanged for the policy in suit. The policy and contract of assumption were executed in Missouri and, therefore, the laws of Missouri govern. As stated above, the execution of the policy and contract of assumption were admitted. The fact that insured was permitted to pay premiums long after they were due was shown by receipts signed by the defendant. The death of insured was not controverted. On these facts the court could very well have told the jury that plaintiff was entitled to have

the benefit stated in the policy. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.