McGrew v. Foster, Appellant.

1.  **Attachment**: MOTION TO SET ASIDE JUDGMENT AND QUASH EXECUTION. A motion to set aside a judgment and to quash the execution for irregularity in the judgment, must, in attachment cases, be filed within two years after the rendition of the judgment; or it will be unavailing.

2.  **Bill of Exceptions**: RECORD. An entry of record is necessary to authenticate a bill of exceptions, and to show that it has been filed.

*Appeal from Adair Circuit Court.*—HON. JOHN W. HENRY, Judge.

*John D. Foster and Thos. C. Fletcher* for appellant.

*DeFrance and Halliburton* for respondent.

SHERWOOD, C. J.—This case was here before, (54 Mo. 258.) It came up then, because of the refusal of the court rendering judgment, to quash two executions, issued to different counties. That judgment was affirmed.

It has hitherto been the currently received opinion, that when affirmance occurs, that is an end of the case. The fact that defendant "kept his motion on the docket regularly," after the cause came up here, could by no means alter or diminish the results incident to such affirmance. This being the case, what is termed an "amended motion" to set aside the judgment, etc., cannot be considered, as more than three years had elapsed between the

rendition of the judgment and the filing of the amended motion.

But it seems to be thought that defendant is entitled to have that motion treated as a petition for review. Should we be disposed to regard it in this light, however, we are met by the fact that even the original motion was not filed within two years after rendition of the judgment complained of. And in attachment cases such petition must be filed within this period, or else the statutory method of redress will be denied. (1 Wag. Stat., p. 193, §§ 60 & 61.) The general statutory provisions relating to petitions of this sort, (2 Wag. Stat. 1054, §§ 13 & 15) have no application to suits instituted by attachment; so that, should we entirely disregard the effects and consequences of the judgment of affirmance, treat the original motion to set aside the judgment for irregularity, and to quash the execution for like cause, as an incipient petition for review, and the amended motion as a continuance thereof, still we are confronted by the bar the statute interposes; for the judgment was rendered in May, 1868, and the first motion not filed until March, 1871, or more than two years after judgment rendered.

*1. ATTACHMENT: motion to set aside judgment and quash execution.*

But an obstacle equally insurmountable to a reversal herein is met in this, that there is no record entry, which authenticates the bill of exceptions and shows it to have been filed. *Fulkerson v. Houts*, 55 Mo. 301.

*2. BILL OF EXCEPTIONS: record.*

We, therefore, affirm the judgment. All concur, except HENRY, J., not sitting.

AFFIRMED.