GOODSON & WRIGHT, Respondents, v. JOHN BEVAN
et al., Appellants.

### Kansas City Court of Appeals, May 6, 1901.

Bill of Exceptions: FILING: RECORD ENTRY. The fact that the bill,
over the judge's signature, recites its presentation, signing and be-
coming a part of the record, does not make it a part of the record,
until there is an entry on the record proper ordering it filed, and it
is in fact so filed.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,*
Judge.

Affirmed.

*Bert D. Norton, Joseph Park* and *T. Elmer Francis* for
appellant.

Submitted brief and argument on merits.

*Dysart & Mitchell* for respondents.

(1)   Appellants nowhere in their abstract claim and show
that a bill of exceptions was filed.   Bank v. Davidson, 40 Mo.
App. 421, and cases therein cited; Craig v. Scudder, 98 Mo.
664; Lumber Co. v. Howard, 76 Mo. 517.   (2)   A bill of
exceptions must not only be signed, but it must also be filed,
or else it is no part of the record.   McGrew v. Foster, 66 Mo.
30; Pope v. Thomson, 66 Mo. 661; Fulkerson v. Houts, 55
Mo. 301; Dinwiddie v. Jacobs, 82 Mo. 195; State v. Wilson,
44 Mo. App. 136.

ELLISON, J.—This is an action of trespass wherein the plaintiffs had judgment in the circuit court and defendants appeal.

It is recited in the bill of exceptions that an appeal was allowed and time given to file a bill of exceptions, and that a bill of exceptions was afterwards presented to the judge praying "that the same may be signed and sealed and become a part of the record, which is accordingly done." Here follows the signature of the trial judge.

The abstract does not show a record entry or order extending the time for filing the bill of exceptions. Neither is there a record entry or order filing the bill of exceptions. These recitals in the bill of exceptions will not supply the *record proper*. In the case of Schoenberg v. Heyer, decided this term, we said: "A bill of exceptions can not prove itself;" and: "Though a bill of exceptions is allowed, signed and sealed by the judge it does not become a part of the record in the cause until it is not only ordered to be filed, but filed; and all this must appear from the record proper." That case cites authority showing that the rulings of the different appellate courts of the State have been uniform on this question.

But plaintiffs further insist that if it should be conceded that the abstract could be interpreted as showing the necessary record entries, it would not be justified by the full transcript on file in this court. In referring to the transcript we find no record entry whatever as to granting an appeal, or as to extending or filing a bill of exceptions. The only record entry shown is that made in vacation filing and approving the appeal bond. We are therefore left without any foundation from which to attack the judgment and it is accordingly affirmed. All concur.