## JOE FOSTER v. J. L. PRICHARD.

### Decided April 16, 1910.

**1.—Broker—Commissions—Exchange of Property.**

An exchange of properties for which a fixed and definite value has been agreed upon by the parties and the difference in values paid in cash is, in contemplation of law, a sale which would entitle a land agent who consummates the transaction to his commission.

**2.—Charge—Assumption of Fact.**

When the evidence is conflicting upon an issue, a charge which assumes as true or as established the contention of one of the parties, is erroneous.

**3.—Same.**

When the right of a plaintiff to recover depends upon the finding of several issues in his favor, it is error for the court to so frame its charge as to authorize a verdict for him upon the finding of one issue in his favor.

**4.—Practice—Introduction of Evidence.**

During the trial defendant offered in evidence a letter written by the plaintiff but stated that the letter would not be read to the jury at that time but would be read later; the jury was not informed of its contents until defendant's counsel began to read it in his argument to the jury after the introduction of evidence was closed and counsel for plaintiff had made his opening argument. Held, an objection to the reading of the letter at that time was properly sustained.

**5.—Same—Ruling upon Evidence.**

An error in excluding evidence is cured by a subsequent offer to permit same to be introduced.

Appeal from the County Court of Randell County. Tried below before Hon. A. M. Henson.

*Rollins & Woolley,* for appellant.

*J. C. Hunt,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—J. L. Prichard recovered a judgment against Joe Foster for six hundred and forty dollars, with interest, in a suit for commissions claimed for negotiating a sale of three hundred and twenty acres of land by Foster to J. M. Harder. In the transaction between Foster and Harder the former was not paid money for his land, but received from Harder in exchange therefor a store house and lot in the town of Canyon City, together with a stock of drugs. The parties to the trade agreed on a definite valuation of the respective properties exchanged, the value of Foster's land. being fixed by agreement at twelve thousand eight hundred dollars, and the agreed valuation of the property, real and personal, conveyed to Foster by Harder exceeded the sum last named. The difference between such valuations of the respective properties conveyed was paid to Harder by Foster.

Paragraph 2 of the court's charge to the jury reads: "You are instructed that if you believe from the evidence that, in the exchange made, there was a definite and fixed price agreed upon between J. M. Harder and Joe Foster as to the property exchanged, and that there was a cash difference paid between the properties, then such a transaction would be a sale under the law."

The defendant testified that he listed his land for sale with plaintiff at the price of twelve thousand eight hundred dollars, but that he expressly informed plaintiff that he, the defendant, would not pay any commission on any exchange he might make of his property for other property. In the absence of this testimony the instruction quoted above would have been proper. Ullman v. Land, 37 Texas Civ. App., 422 (84 S. W., 294). But if the agreement between the parties was as shown by the foregoing testimony of the defendant, plaintiff was not entitled to a commission and the instruction was erroneous, because, in effect, it assumed that the contract of employment was not as defendant contended.

Appellant complains further of paragraph 3 of the court's charge reading: "I further charge you that if you believe from the evidence in this case that the plaintiff herein was the procuring cause of the sale made by defendant, if such sale was made, to J. M. Harder, and that defendant made the sale to said Harder, this would not defeat plaintiff's right to recover."

While it is true that if a broker employed to negotiate a sale is the efficient cause of a sale he has earned his commission, even though the sale is consummated by the owner of the property dealing directly with the purchaser; and while it may be said that when the charge is read as a whole it is not probable that the jury were misled to appellant's injury by the instruction last quoted, yet we suggest that upon another trial the instruction now under discussion, if given, should be qualified with some statement showing that it is intended to apply in the event only that plaintiff shows a right to recover under other instructions given upon other issues.

Upon the trial defendant offered in evidence a letter written by plaintiff, in which the writer claimed three hundred and twenty dollars only as the amount due him from the defendant as a commission on the trade with Harder. At the time of the introduction of this letter defendant's counsel stated that the letter would not be read to the jury then but would be read later. However, the jury was not informed of its contents until defendant's counsel began to read it in his argument to the jury. Plaintiff's objection to the reading of the letter at that time was sustained, and appellant has challenged the correctness of this ruling. The introduction of all testimony had been closed and plaintiff's counsel had made his opening argument. Defendant's counsel offered no excuse for his failure to read the letter in evidence at the proper time, and the majority of the court are of the opinion that there was no error in excluding it.

In addition to the general charge the court gave several special instructions at the request of both parties to the suit, and some of the instructions appear to conflict with others. It is unnecessary to discuss the assignments based upon these conflicts in the charge, as, doubtless, all such criticisms will be avoided upon another trial.

After excluding certain testimony offered by defendant the court reversed that ruling and offered to permit defendant to introduce it. This offer was made after defendant had closed his testimony, and the offer was declined by his counsel. The error in excluding the testimony was cured, and the assignment based upon its exclusion is overruled.

For the errors indicated above the judgment is reversed and the cause remanded.

*Reversed and remanded.*