ELMER E. FRANKLIN, Appellant, v. KANSAS CITY MISSOURI, Respondent.

In the Kansas City Court of Appeals, January 29, 1923.

1. **BILL OF EXCEPTIONS:** Court Held to Have Right to Change Bill of Exceptions Before it is Filed and Becomes Part of the Record. The trial court had the right after he signed the bill of exceptions to change it before permitting it to be filed, it not having become final as it had not been made a part of the record.

2. **MOTION FOR NEW TRIAL:** Improper Argument: Appeal and

Error: Statement of Trial Court, Made After Passing on Motion for New Trial, That if He Had Known a Certain Deposition was in Evidence He Would Not Have Granted a New Trial, Cannot be Considered by Appellate Court as a Basis Upon Which to Find That Court Erred. The statement of the trial judge, made during the hearing of the evidence on defendant's motion to insert in the bill of exceptions that the deposition of plaintiff had not been actually read to the jury, not made at the time he passed on motion for a new trial and in fact made at a subsequent term, to the effect that had he known at the time he acted on the motion for a new trial that the deposition had been introduced in evidence by defendant showing that plaintiff had a wife and child, he would not have sustained the motion for new trial on account of alleged improper argument of plaintiff's counsel, in which he stated that plaintiff had a wife and child, cannot be considered by appellate court as a basis upon which to find that court erred in sustaining the motion for new trial.

3. ———: ———: Trial Practice: Comment by Counsel upon Evidence in Deposition Not Read to Jury, Held Improper and Sufficient to Uphold Ruling of Trial Court in Granting New Trial. On appeal by plaintiff from an order granting a new trial, in an action for personal injuries, where plaintiff's deposition showed that he had a wife and child but such evidence was not read to the jury by either party and not before it at time argument was made, though defendant read other parts thereof, *held* plaintiff's counsel should not have commented thereon, and to do so was prejudicial error, though court ruled out the argument, reprimanded counsel for making it and counsel apologized.

Appeal from the Circuit Court of Jackson County.—*Hon. Thad B. Landon,* Judge.

AFFIRMED.

*Jacobs & Henderson* for appellant.

*John B. Pew* and *Illus M. Lee* for respondent.

BLAND, J.—This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment in the sum of $5000. The court sustained defendant's motion for a new trial "because of improper argument on the part of plaintiff's attorney." Plaintiff

has appealed. The argument causing the granting of the new trial is as follows:

"Now, gentlemen, if you do find for him (plaintiff) he is a young boy with a young wife and young baby.

MR. LEE: (interrupting) Just a moment. I ask that counsel be reprimanded for that remark—just a minute —first, because there isn't any proof of it, and, second, because it is wholly improper.

MR. MOFFATT: I thought there was proof of it, Your Honor, and if there is no proof I will withdraw it.

MR. LEE: It is wholly improper and could not be made for the purpose—except for the purpose of inflaming and exciting the prejudices and sympathies of the jury, and for counsel having made the remark, I ask the jury be discharged.

THE COURT: The remarks were improper; the evidence would be improper, and you gentlemen, will wholly and entirely disabuse your minds of the remarks that have been made. It doesn't belong in this case at all, and counsel should not have made the statement. You must keep within the record and matters that have nothing to do with the case are wholly and entirely improper. Proceed with the argument.

MR. LEE: Except.

MR. MOFFATT: (continuing) I beg the Court's pardon for erring. I thought it was in evidence and evidently I am in error."

The record shows that plaintiff's deposition, taken by the defendant prior to the trial, was introduced in evidence by the defendant, its attorney at the time stating, "I am offering all of the deposition as a statement of the plaintiff." The bill of exceptions that was signed by the court on October 7, 1922, but not ordered filed nor in fact filed, recited the introduction in evidence of the deposition but did not show whether the same had been read to the jury. On October 9, 1922, defendant moved the court to insert in the bill of exceptions the statement that the deposition of plaintiff was not read to the jury

and in support of the motion offered the testimony of the court's stenographer and some of the attorneys in the case tending to show that the deposition had not been read to the jury. There was no evidence introduced tending to show that it had been. At the conclusion of the testimony the court made the following order:

"The Court upon the testimony as introduced orders that after the offer of the deposition of Elmer E. Franklin, then shall follow the statement that said deposition was not read to the jury at the time of its offer, and that only the parts of the deposition were read as shown in the examination and testimony of the witness Elmer E. Franklin; to which finding, order and ruling of the court the plaintiff excepts."

The bill of exceptions was finally signed and ordered filed on October 12, 1922, and was filed and made a part of the record on that day with the order inserted. In plaintiff's brief he does not dispute that the deposition was not read to the jury but his counsel states that he is "not at this time undertaking to say one way or the other whether the deposition was actually read." The record shows that the deposition before its introduction in evidence was used by counsel for defendant in his cross-examination of plaintiff and that portions of it were read to the witness at that time, but no mention or reference was made to that part of the deposition wherein plaintiff testified that his family consisted of his wife and one little boy. There was nothing in the conduct of defendant's attorney at the trial to indicate that he desired to have this immaterial and wholly incompetent matter brought to the attention of the jury; on the contrary, plaintiff's counsel at the opening of the case when plaintiff was first put upon the stand asked him if he was married and had children and defendant immediately objected to the witness's answering. The objection was sustained before the question was answered as to the children.

It is quite evident that the intended purpose of the

introduction of the deposition in evidence by the defendant was to contradict the testimony by plaintiff. As before stated, that part of the deposition showing that plaintiff's family consisted of his wife, a little boy and himself disputed nothing that had been testified to by plaintiff. None of the deposition was read except parts in connection with defendant's cross-examination of plaintiff.

It is insisted that the court had no right after he signed the bill of exceptions to change it, but no reason is assigned or authority cited to support this contention and we think there is nothing in it. The bill of exceptions had not been filed, therefore it was not final as it had not been made a part of the record. [Sec. 1464, R. S. 1919; McGrew v. Foster, 66 Mo. 30; Pope v. Thomson, 66 Mo. 661; Goodson & Wright v. Bevan, 89 Mo. App. 162; Fast v. Gray, 105 Mo. App. 694.]

The statement of the trial judge, made during the hearing of the evidence on defendant's motion to insert in the bill of exceptions that the deposition had not been actually read to the jury, not made at the time he passed on the motion for a new trial, and in fact made at a subsequent term, to the effect that had he known at the time he acted on the motion for a new trial that the deposition had been introduced in evidence by the defendant showing that plaintiff had a wife and child he would not have sustained the motion for a new trial, of course cannot be considered by this court as a basis upon which to find that the court erred in sustaining the motion for a new trial, or even tending to show what was in his mind at the time he sustained the motion. Of course, the trial judge cannot set aside or throw doubt upon his action made of record by some statement made subsequently and at a time he has no right to set aside or change the action he has already taken.

Plaintiff contends that the court erred in granting the new trial for the reasons, first, that the argument was proper in that the whole deposition was introduced in

evidence and counsel had a right to comment on any part of the testimony; and, second, that even if the argument was improper for the reason that the court may hold that the matter commented upon was not in the record, it was cured by the quick and frank apology of counsel for plaintiff and the very plain and extended admonition by the court to the jury.

It was not intended by the defendant when he introduced the deposition in evidence to bring this incompetent matter to the attention of the jury. The matter was wholly inadmissible and ordinarily regarded as highly prejudicial to a defendant in a case of this kind. The matter was not read to the jury by either party and was not before it at the time the argument was made. We think that counsel should not have commented upon it. [Foster v. Prichard, 128 S. W. 1187 (Tex.).]

The court having sustained the motion for a new trial and having assigned as a reason therefor the prejudicial character of the argument, we are constrained to uphold his ruling. The fact that it has come before the jury in cases of this kind that plaintiff has a wife and child or children is regarded as so prejudicial to the defendant that such cases have been reversed for the reason that the trial court permitted plaintiff to introduce such evidence. [See Stephens v. The Hannibal & St. J. Ry. Co., 96 Mo. 207; Dayharsh v. The Hannibal & St. J. Ry. Co., 103 Mo. 570; Mahaney v. St. Louis & H. Ry. Co., 108 Mo. 191; Williams v. St. L. & S. F. Ry. Co., 123 Mo. 573; Kingsley v. Kansas City, 166 Mo. App. 544.] As stated in the last case cited, at l. c. 549—

"The reason of the rule is apparent. Ordinarily such evidence is irrelevant to any issue in the case and the only purpose it could have would be to excite and inflame the jury and thereby to enhance the assessment of damages."

In view of the fact that at the time the improper argument was made the court ruled out the argument, reprimanded counsel for making it, and counsel apoligized,

it might be that we would hold the matter cured had the court overruled the motion for a new trial. However, when the motion for a new trial is sustained the trial court is allowed a great breadth of discretion in the matter. The reason for this distinction is said to be that by granting the new trial the cause is kept open and another opportunity is afforded for an investigation of its merits, when, if the new trial is refused, there is no relief. [Boyer v. Oldham, 209 S. W. 617, 618, 619; Travis v. Means, 214 S. W. 239, and cases therein cited.] We are not authorized to interfere with the discretion of the trial court in sustaining the motion for a new trial in the case at bar, especially in view of the very substantial recovery in this case. [O'Hara v. Lamb Const. Co., 197 S. W. 163; Collier v. City of Shelbyville, 219 S. W. 713; Copeland v. American Central Ins. Co., 191 Mo. App. 435.]

The judgment is affirmed. All concur.