STATE OF MISSOURI EX REL. STATE HIGHWAY COMMISSION, APPELLANT,
v. WM. A. PATTON ET AL., DEFENDANT, JOHN R. RAINEY, RE-
SPONDENT.—77 S. W. (2d) 857.

Kansas City Court of Appeals. January 7, 1935.

*Louis V. Stigall, Lue C. Lozier* and *F. P. Stapleton* for appellant.

*John J. Robinson* and *Ernst & Williams* for respondent.

CAMPBELL, C.—This is a proceeding in condemnation, brought
against the defendant Rainey and others, to condemn land for road
purposes. Commissioners, duly appointed, made and filed their re-
ports assessing damages. The defendant Rainey filed exceptions to
the report. The exceptions were tried to a jury and the exceptor had
a verdict and judgment in the sum of $1600. The plaintiff has ap-
pealed.

The single question brought here on this appeal is whether or not
the court erred in refusing plaintiff's requested instruction No. 7.
The instruction follows:

"The court instructs the jury that in determining whether there
is any damage to the defendant's land, you shall not take into con-
sideration such inconveniences and disadvantages, if any, to the
defendant as are the consequences of the lawful and proper use of
the state highway in question in so far as the same are common to
the other landowners in the neighborhood, no portion of whose lands
is taken for said state highway."

The appellant concedes in its brief that "there was no evidence
of general inconveniences and disadvantages" and contends that it

was entitled to the instruction as a matter of law. The instruction was undoubtedly a proper one, provided there was evidence on which to base it. The plaintiff relies upon the following cases: Missouri A. & G. Railroad Co. v. Harris, 181 S. W. 34; State ex rel. v. Watkins, 51 S. W. (2d) 543; State ex rel. v. Stoddard Gin Co., 62 S. W. (2d) 940; State ex rel. v. Sharp, 62 S. W. (2d) 928. In the Harris case, supra, the court held that the refusal of an instruction, of which instruction No. 7 in the instant case is a copy, was reversible error. The plaintiff argues that the opinion in the Harris case is silent concerning the question as to whether or not there was evidence of general damage. We do not agree to this contention. In the opinion is the following:

"To avoid possible errors in the process of elimination and reasoning and to enable the jury to readily know and apply the law, *once the facts are determined,* this instruction should have been given, and its refusal was unquestionably error." (Italics ours.)

The italicized portion of the opinion above quoted clearly shows that the court found that there were facts to be determined by the jury.

In the Watkins case, supra, the opinion shows that there was evidence of general damage to the land of the exceptor. In neither of the other cases cited by appellant is reference made to the question of whether or not there was evidence of general damage.

In the case of State ex rel. State Highway Commission v. Graham, 74 S. W. (2d) 493, the court in considering an instruction similar to instruction No. 7 in the instant case, said:

"It is true there was no *direct evidence* of inconveniences or disadvantages common to the landowners in the neighborhood, but such inconveniences and disadvantages would readily suggest themselves to the minds of the jury from the *facts in evidence* and from the language of the given instructions as well." (Italics ours.)

The opinion shows that though there was no direct evidence of general damage there were facts in evidence for the determination of the jury.

Counsel for defendant cite numerous cases in which the rule is announced that it is error to give an instruction to a jury unless there was evidence upon which to base it, and that the giving of an instruction not supported by evidence is error. A few of the cases cited are: Franz v. Hilterbrand et al., 45 Mo. 121; K. C. Suburban Belt Railway Company v. K. C. & St. L., & C. Railway Co., 118 Mo. 599; Johnson v. Wabash Railway Company, 168 S. W. 713; Kuhlman v. Water, Light & Transit Co., 271 S. W. 788; Gundelach v. Compagnie Generale Transatlantique, 41 S. W. (2d) 1.

The appellate courts in this jurisdiction have consistently ruled that it is error to permit counsel in argument to a jury to comment upon facts not in evidence. [Robertson v. Wabash R. Co., 53 S.

W. 1080, 152 Mo. 382; Wells v. Wells, 144 Mo. 198; Franklin v. Kansas City, 248 S. W. 616, 213 Mo. App. 154.]

Were we to sustain the appellant's contention in this case we would in legal effect say that plaintiff's counsel in argument to the jury could have commented upon facts concerning which there was no evidence.

It is the province of a jury in the trial of a lawsuit to determine the facts. The facts must appear in the evidence and no fact not in evidence can properly be considered by a jury in arriving at its verdict. There was no evidence upon which to base instruction No. 7 and for that reason the action of the court in refusing it was proper. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.