John Albert STEPHENS, Plaintiff-Respondent,

v.

HENNINGSEN, INC., Defendant-Appellant.

No. 23554.

Kansas City Court of Appeals. Missouri.

June 4, 1962.

Morrison, Hecker, Cozad & Morrison, Karl F. Schmidt, William V. North, Kansas City, for appellant.

Dwight Roberts, Homer R. Hines, Kansas City, for respondent.

SPERRY, Commissioner.

This is a suit for damages growing out of a collision between an automobile, being operated by plaintiff, and a tractor-trailer, being operated for defendant by its agent, Folan. From a verdict and judgment for plaintiff in the amount of $6,000.00, defendant has appealed.

The collision occurred on a bridge located on U. S. Highway 71, five miles south of Butler, Missouri. Plaintiff's automobile was proceeding southward and defendant's truck was proceeding northward, both travelling at reasonable speeds.

Plaintiff offered the testimony of Trooper Brewer, Missouri State Highway Patrol. He stated that he investigated the accident and identified a diagram (exhibit 1) made by him at the scene; that the banisters of the bridge are 160 feet long, the bridge 20 feet wide; that a circle with an x in it, shown on the diagram which was admitted in evidence, marked the point of impact between the vehicles; that another marking indicated where the truck hit the east banister of the bridge 51 feet south of the north end; that pictures showing markings on the bridge showed where the truck struck the east banister and where the rear end of the car struck the west banister. He also stated that, on the diagram, plaintiff's car was shown to be on the wrong, or east side of the center line of the highway; that he did not show, on the diagram, any part of defendant's truck as being on the west side of the center line of the highway; that he based his testimony as to where the collision occurred on what the truck driver and a witness told him; and he said, on cross-examination, that he could not say that the markings shown on the bridge were made by the truck.

Plaintiff testified to the effect that, as he was approaching the bridge, there was a car about 75 feet ahead of him; that he saw defendant's truck come around the curve "astraddle" of the center line, coming north, toward the bridge; that it was trying to get over to its side of the highway; that as the two vehicles proceeded, the truck hit the bridge and bounced off, striking plaintiff's car on the front fender; that he remembered nothing more.

Mr. Folan, operator of the truck, testified that he is an over-the-road truck driver; that the unit was 45 feet in length; that the tractor is seven and one half feet and the trailer eight feet in width; that, as he approached the bridge, he saw two cars coming south; that the truck was travelling 30–35 miles per hour; that there was a car following him being driven by Mr. Ure; that after he was on the bridge, the second of the two cars suddenly swerved over and caught the left front fender and wheel of the truck, and bounced the truck into the bridge railing; that the truck was caused to follow along against the railing because the car "followed on around"; that the accident occurred about 50 feet south of the north end of the bridge.

Defendant read into evidence the deposition of Mr. Ure, taken on behalf of plaintiff by his counsel, Mr. Roberts. Mr. Ure stated that he was a resident of Kansas City, Kansas; that he was employed at Macy's in Kansas City, Missouri; that he drives a truck to Joplin once a week over highway 71; that he was alone, driving his truck, following defendant's truck, when he witnessed the collision here in controversy; that he saw a tractor trailer preceding him, and two cars coming from the north; that after the cars were on the bridge the second car swerved into the north bound traffic lane; that he could see it swerve because of its headlights; that it appeared from the headlights that the driver of the second car tried to get back into his lane again; that, after the collision, the truck swerved to the east and scraped the east side of the bridge, then swerved to the west and went down the embankment on the west side of the highway, north of the bridge; that he talked to trooper Brewer only to give him his name and address; that he did not ask him anything else; that the truck was on its side of the highway when the accident occurred; that he was served with a subpoena for deposition by plaintiff's attorney, at Macy's, his place of employment; that the deposition was taken at plaintiff's attorney's office in Kansas City, Missouri.

The above constitutes all facts necessary to a decision of the one issue here presented. Defendant contends that reversible error was committed because of improper remarks by counsel for plaintiff, and the failure of the court to act so as to effectively remove the prejudice injected into the case by reason of such remarks.

The objectionable portion of the argument by plaintiff's counsel is as follows:

"MR. ROBERTS: * * * You will remember Mr. Ure, the witness whose deposition was read here *and whom they don't want to bring in for their own reason. I don't know why.* (Emphasis ours.)

"MR. SCHMIDT: Just a minute, Mr. Roberts. I believe that the court should *instruct* the jury that if Mr. Roberts wanted to bring this witness in, he was as available to Mr. Roberts as he was to the defendant, and Mr. Roberts was perfectly free to present him to this court, and I *object to the remarks and ask the court to instruct the jury that the remarks are improper* and *certainly untrue.* (Emphasis ours.)

"THE COURT: The jury will consider the evidence and is instructed that the witness was as available to the plaintiff as he was to the defendant.

"MR. ROBERTS: At any rate, he was not here, * * *" and, later, Mr. Roberts said:

"Now, when we talk about the evidence, we are going to have to talk

about the defendant's witnesses, Folan and Ure. Ure was not here and I couldn't cross-examine him, I am sorry to say.

"MR. SCHMIDT: Well, now, just a minute. Your Honor, I am going to object to that. Mr. Roberts took Mr. Ure's testimony and deposition and cross-examined him for 52 pages.

"MR. ROBERTS: That was not the cross-examination. That was the examination direct."

Defendant objected to counsel's stating that defendant didn't want to bring in Mr. Ure "for their own reason. I don't know why". It is noted that defendant not only objected to the remarks but asked the court to instruct the jury that the remarks are improper and untrue. The court simply said that the witness was as available to plaintiff as he was to the defendant.

■ It is error for counsel to comment on the failure of an adversary to produce a witness who is equally available to both parties. Belding v. St. Louis Public Service Company (Mo. en banc), 358 Mo. 491, 215 S.W.2d 506, 514. Such an argument is reversibly erroneous where the court overrules the objection and fails to admonish the jury to disregard it. O'Donnell v. St. Louis Public Service Company, 246 S.W.2d (Mo.App.) 539, 544. In Rice-Stix Dry Goods Company v. Sally, 176 Mo. 107, 148, 75 S.W. 398, the court held that, where an improper and prejudicial argument had been made, similar to that here complained of, it was the plain duty of the court, upon objection, to have expressed its disapproval of the remarks, in the presence of the jury, in such emphatic language as to destroy any impressions which may have resulted therefrom. However, in that case, the court overruled the objection whereas, here, the ruling amounted to a weak sustention of the objection; but the court here did not, as requested, instruct the jury that it was improper and untrue for counsel to say that defendant "didn't want to bring

(the witness) in for its own reason. I don't know why".

■ In Hankins v. St. Louis-San Francisco Railway Company, 31 S.W.2d (Mo. App.) 596, 599–600, where an improper argument was made with reference to failure of defendant to call certain medical witnesses, it was held that merely sustaining the objection and *telling the jury to disregard the argument* is not always sufficient to counteract the influence on the jury of the improper statement. There, it was requested that the jury be discharged, whereas, here, no such request was made. But the fact remains that the court was requested to inform the jury that the remarks were improper and untrue. If that had been done it would have amounted to a reprimand of counsel. The court should have severely reprimanded counsel and should have told the jury to disregard the remarks. Williams v. Columbia Taxicab Company, 241 S.W. (Mo.App.) 970, 973; Jackman v. St. Louis & H. Ry. Company, 206 S.W. (Mo.App.) 244, 246.

■ The remarks were also improper because of the plain provisions of Rule 57.29, V.A.M.R. In Lewellen v. Haynie, 25 S.W.2d (Mo.App.) 499, 505, it was held that, in considering the credibility of witnesses, the deposition of a witness read in evidence should be given the same consideration as if the absent witness were personally present testifying. Here, offending counsel had, himself, taken the deposition consisting of 52 pages and could not have been surprised when it was read in evidence by defendant.

■ We recognize the rule that, to be reversible error, remarks of the counsel must have been such as to make it reasonably probable that prejudice to the opposing party resulted therefrom and that the jury was influenced thereby in the rendition of its verdict. City of Kennett v. Katz Construction Company, 273 Mo. 279, 202 S.W. 558, 562; Jackman v. St. Louis & H. Ry. Co., supra, 206 S.W. 246; Wil-

liams v. Columbia Taxicab Company, supra, 241 S.W. 973.

In this case, liability or nonliability of defendant rested on the question of whether or not its truck moved into the path of plaintiff's automobile. Plaintiff said that it did; and his witness, Brewer, (who was not an eyewitness of the accident) testified to facts from which, he stated, in effect, that it did. This was a fact vital to plaintiff's case.

Defendant's truck operator stated that plaintiff's vehicle swerved into the north bound traffic lane, causing the collision. Mr. Ure stated that he saw the collision; that the headlights of plaintiff's vehicle swerved into the path of defendant's truck; that the truck did not swerve into the other traffic lane until after the collision had occurred and it had struck the side of the bridge. His testimony was vital to defendant's case. If the jury believed, as counsel for plaintiff strongly and improperly insinuated, that defendant should have placed Ure on the stand so that plaintiff's counsel could cross-examine him in the court room, and had failed to do so for reasons of its own, "I don't know why", then the jury may have believed that Ure, under cross-examination, would have testified differently from what he did in his deposition. Such was, unquestionably, the impression sought to be conveyed by counsel's argument. The jury may well have questioned the credibility of Ure, under the circumstances here shown.

In further aggravation of the error of plaintiff's counsel's first remarks concerning the failure of defendant to produce Ure in court for reasons of their own, and after the court had ruled thereon and had stated that the witness was equally available to plaintiff, counsel resurrected his complaint and said: "Ure was not here and I couldn't cross-examine him". The court failed to rule defendant's objection to that statement. Thus, counsel ingeniously freshened the minds of the jurors by alluding to it in such a way as to remind the jury of the absence of defendant's witness, Ure, from the court room, and of counsel's contention, previously made, that defendant was at fault in not producing the witness and thereby depriving him of an opportunity to cross-examine. The silence of the court, on this occasion, might have led the jury to believe that Ure was improperly absent as a result of some dark motive and action of defendant. This conduct and these remarks are in the teeth of Rule 57.29, supra, and of the well known principle that a witness who testifies by deposition is to all intents and purposes, present in court. It is error for counsel to say or to insinuate otherwise.

In view of the facts here shown we rule the error to be reversibly erroneous.

The judgment is reversed and the cause is remanded.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.