Thomas Glennon **HALLEY, Jr., by Darlene Halley, His Next Friend, et al., Appellants,**

v.

Marquis **SCHOPP, Respondent.**

No. 51626.

Supreme Court of Missouri, Division No. 1.

March 14, 1966.

Schurr & Inman, Robert L. Inman, Clayton, for appellants.

F. X. Cleary, Paul S. Brown, Daniel T. Rabbitt, Jr., Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

WELBORN, Commissioner.

This is an appeal from a judgment entered on a defendant's verdict in an action for $52,500 damages for personal injuries. Separate actions, consolidated for trial, were brought by the injured minor plaintiff, Thomas Glennon Halley, Jr., through a next friend, and by his parents.

The appeal is here on an agreed statement of the case, as follows:

"This case was brought by Thomas Glennon Halley, Jr., a then 11 year old boy hereinafter referred to as Tommy, and his father and mother, Thomas Glennon Halley, Sr., and Darlene Halley, for damages resulting from personal injuries to Tommy which occurred July 10, 1963. The injury occurred when Tommy was a pedestrian crossing Emma Avenue, a public street in the City of St. Louis, and was struck by an automobile owned and operated by defendant. Immediately prior to the accident, Tommy and his older sister, Debbie, then age 13, were playing on the front porch of the Halley residence with two other children. A fairly heavy rain was falling and as the children were playing, a ball rolled off the porch and into the street. The Halley residence is located approximately in the middle of the block. Tommy went

into the house for a raincoat which he threw over his head and shoulders and went across the street to retrieve the ball and was struck as he was coming back after he had picked it up. Emma Avenue in the area where the accident occurred ran in a general East-West direction and the Halley home was on the South side of the street. Defendant was operating his automobile in an easterly direction. Plaintiffs' evidence was all to the effect that the accident occurred on the North half of Emma Avenue before Tommy reached the center of the street on his way back. Emma Avenue is a two-way street and an Ordinance of the City of St. Louis introduced and read to the Jury, requires that an automobile be operated on the right half of the road way.

"Plaintiffs' witnesses as to liability were Tommy, his sister Debbie and an adult neighbor who lived several houses to the east of plaintiffs' residence. All of those witnesses claimed to have observed the accident and testified to the facts that they claimed to have observed. Neither of the two neighborhood children playing on the porch with Tommy and Debbie were called as witnesses by plaintiffs or defendant.

"Defendant called a different adult neighbor who lived a little farther to the East than the neighbor called by plaintiff. This witness testified that defendant's car was on the right half of the roadway. Defendant on cross-examination testified that the left wheels of his car were about at the center of the street.

"The Jury's verdict was for the defendant and plaintiffs timely filed their Motion for New Trial with Notice to Take Same Up on June 4, 1965, which motion was overruled June 25, 1965."

The two matters here submitted for review arose during defendant's attorney's closing argument to the jury. The first point is stated by plaintiffs as follows:

"Defendant's attorney committed prejudicial error in arguing to the Jury why other children playing on plaintiffs' porch at the time of the accident were not brought in as witnesses and compounded the error by making false and misleading statements to the Jury regarding their availability to defendant as witnesses."

Mr. Cleary, on behalf of defendant, in his argument referred to the girls on the porch and said:

"They stopped for some reason on the porch, the three girls, and watched this little boy one year their junior—maybe some of the girls were his age, I don't know. Where are they? I don't know. What do they know about this accident? What would they say if they were brought in? I don't know. Where are they? I don't know. Aren't they important people? Don't you think they would have some knowledge of what transpired? His Honor said in weighing what you have heard here, in passing judgment, take into consideration in this first instruction, the credibility of the witnesses. Weigh what they say, their interest in the result or outcome of the trial."

"MR. INMAN: If the Court please, I'm going to object to Mr. Cleary's line of argument about other independent witnesses that he has the names and addresses of. He knows where they are.

"MR. CLEARY: That is a false statement, your Honor. I have no such information.

"Mr. INMAN: If you don't, you can get it.

"THE COURT: Let's not get into that. Don't make any allegations about what he has. Put your objection on a legal basis and I will rule on it. I will sustain the objection as far as availability of the witnesses.

"MR. CLEARY: I know not who they are. I do know one thing. They are not here. I brought in the police officer. I was interested because he took pictures, and I have no way of getting that in-

formation except by subpoena which I served on him. * * * Who is making the effort bringing in people here? Either side can subpoena Officer Smith and bring him in here and bring his records if they were available. I did my best in that respect."

As shown by the transcript, plaintiffs' only objection during the incident was sustained by the trial court. Plaintiffs so acknowledged in their motion for new trial, in which they stated:

"Although plaintiff's objection to this line of argument was sustained by the Court, no instruction by the Court to the Jury could have offset the harmful effect of such a highly prejudicial argument."

 Undoubtedly, there may be argument so harmful that no instruction by the court to the jury can offset its harmful effect. Certainly, if a trial court reaches such conclusion, as it did in awarding a new trial in Franklin v. Kansas City, 213 Mo. App. 154, 248 S.W. 616, cited by plaintiffs, the appellate court on review is not likely to disregard the trial court's conclusion. However, as in the control of argument generally, the primary responsibility for such determination lies with the trial court. That court is in a position to determine how a jury might react to the particular argument in its "setting" or "background." Phillips v. Vrooman, Mo.Sup., 251 S.W.2d 626, 630 [2, 3]. There can be no doubt that an argument which seeks to reflect an unfavorable inference against a party for failing to produce witnesses who were equally available to both parties is prejudicially erroneous where the trial court overrules objection to such argument. Belding v. St. Louis Public Service Co., 358 Mo. 491, 215 S.W.2d 506, 512. Likewise, the trial court may commit prejudicial error even when it sustains objection to such argument, if it fails in the circumstances to take further remedial action requested by the objecting party. Stephens v. Henningsen, Inc., Mo.App., 358 S.W.2d 450. See also O'Donnell v. St. Louis Public Service

Co., Mo.App., 246 S.W.2d 539, 544 [4]. In Hankins v. St. Louis-San Francisco Ry. Co., Mo.App., 31 S.W.2d 596, 600 [6–9, 10, 11], the court indicated that mere sustaining of an objection to argument of such nature, without, in the light of a further request for a mistrial, a full explanation to the jury and a severe reprimand to counsel, "could not remove the poison already injected." However, the ultimate conclusion of the court was that such error, in any event, was not such as appeared to have influenced the verdict and therefore the judgment was affirmed. See Civil Rule 83.13(b), V.A.M.R.

 We find no case and plaintiffs cite none in which an appellate court has concluded that argument to the effect of that here in question is so prejudicial that it requires overturning of the trial court's denial of a motion for new trial in a case where the only objection to the argument was sustained and no further action by the trial court was requested at the time of the remarks. We do not consider the argument of such a nature as to cause a case such as this to be declared an exception to the general rule that when the trial court sustains an objection to improper argument and no further remedial action is requested, no error is presented for appellate review. Copeland v. Terminal R. Ass'n, 353 Mo. 433, 182 S.W.2d 600, 606 [7]; see Olsten v. Susman, Mo.Sup., 391 S.W.2d 328, 330 [3–6], and cases there cited.

 Plaintiffs argue that the prejudicial effect of the argument to which objection was sustained was compounded by the remarks of defendant's counsel, charging plaintiffs' counsel with having made a false statement, and further, by the repetition of the argument to which objection was sustained. Again, we are confronted with the fact that plaintiffs' counsel sought no action by the trial court on either of these matters. Certainly, the charge against the veracity of plaintiffs' counsel is to be decried. However, instead of properly seek-

ing relief at the hands of the trial court, plaintiffs' counsel chose to direct a remark to opposing counsel. Even when the trial court, in effect, invited plaintiffs' counsel to present a proper objection, no action was taken. (Plaintiffs do not here contend that the trial court's remarks, prior to sustaining the objection, amounted to a rebuke or reprimand of their counsel.) The fact that plaintiff Tommy Halley's deposition, taken by defendant, which identified the neighbor girls, had not been placed in evidence would not have prevented action by the trial court against defendant's counsel for the statement attacking the veracity of plaintiffs' counsel. However, since plaintiffs' counsel sought no relief on this score, we cannot convict the trial court of error.

As for the repetition of the argument to which objection was sustained, again no objection was made to the renewal of the argument, leaving no proper basis for claim for relief here. Anderson v. Sutton, 316 Mo. 1058, 293 S.W. 770, 773 [7].

Plaintiffs' second assignment of error is as follows:

"The Court committed prejudicial error in overruling plaintiffs' attorney's objection to defendant's attorney's argument that a pedestrian must exercise the same degree of care in keeping a lookout as a driver of an automobile must exercise."

This assignment arises out of the following in defendant's counsel's closing argument:

"MR. CLEARY: * * * The Court tells you that the little boy was required to exercise ordinary care commensurate with that degree of care a boy eleven years of age would exercise. If you're a man sixty years of age or forty years of age, you still would have to exercise ordinary care. Because you're not driving an instrument like an automobile or a motorbus or a vehicle, a pedestrian is required to exercise ordinary care. He's under just as

much duty to keep a lookout as the driver of an automobile.

"MR. INMAN: Now, if the Court please, I object to that. That's not the Court's instructions to the jury. Mr. Cleary has intentionally misquoted, attempted to mislead this jury. I ask that portion be stricken and the jury instructed to disregard that portion of his argument.

"THE COURT: Objection overruled. The Court has already instructed the jury as to the law.

"MR. CLEARY: This little boy as Judge McMillian tells you in Instruction No. 5 cannot run blindly across the street. That's not the law. He's required to keep a lookout for his own safety, and when I say that Tom Halley was required to do that, I'm pointing that out to show the manner in which this accident occurred and to show non-liability on Mark Schopp, the driver of the automobile."

Plaintiffs contend that the statement, "He's under just as much duty" etc., is a positive misstatement of the law, in conflict with the written instruction to the jury and that the trial court, by overruling the objection to the argument, approved the erroneous statement.

Defendant submitted plaintiff Tommy Halley's failure to keep a lookout as contributory negligence. Plaintiffs submitted an instruction properly defining the standard of care applicable to plaintiff Tommy. M.A.I. 11.04. We do not consider the argument objected to and the court's ruling thereon to have amounted to the court's approval of a misstatement of the law. The remark particularly objected to was prefaced by a proper statement of the standard of care imposed upon plaintiff Tommy. The remainder of the argument and the statement specifically pointed to were designed to impress upon the jury that Tommy did have a duty to keep a lookout and that such duty was not confined to motorists. Defendant was entitled to argue his theory of the case based on

the court's instruction and the evidence adduced.

The argument, considered as a whole, is not subject to the interpretation which plaintiffs place upon it. The effect of the court's remark in overruling the objection was to direct the jury's attention to the law as set out in the instruction. That was sufficient in the circumstances. Stewart v. Boring, Mo.Sup., 312 S.W.2d 131; Pandjiris v. Oliver Cadillac Co., 339 Mo. 711, 98 S.W.2d 969, 976 [15]. See Anderson v. Duckworth, Mo.Sup., 383 S. W.2d 726, 728–729.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.