Richard Lee UNDERWOOD, a Minor, by His Next Friend, Don Underwood, Plaintiff-Appellant,

v.

Richard D. CROSBY, a Minor, by His Guardian ad litem, William B. Crosby, Defendant-Respondent,

Parker Moon and Zilpha Moon, Defendants-Respondents,

F. T. H'Doubler, Jr., and Bill May, Defendants-Appellants.

No. 54299.

Supreme Court of Missouri, En Banc.

Dec. 8, 1969.

Horace S. Haseltine, Dale L. Rollings, Haseltine & Springer, Gregory Johnson, Springfield, for plaintiff-appellant, Richard Lee Underwood.

Farrington, Curtis & Strong, E. C. Curtis, Thomas Strong, Springfield, for defendant-respondent, Crosby.

Miller, Fairman, Sanford, Carr & Lowther, Mayte B. Hardie, William P. Sanford, Springfield, for defendant-respondent, Parker Moon.

Keith V. Willlams, Springfield, for defendants-appellants.

DONNELLY, Judge.

A jury trial in the Circuit Court of Greene County, Missouri, resulted in a verdict and judgment in favor of the plaintiff and against defendants Parker Moon, Zilpha Moon, F. T. H'Doubler, Jr., and Bill May in the amount of $15,000, and in favor of defendant Richard D. Crosby. The trial court set aside the verdict and judgment against defendant Zilpha Moon because the case had not been submitted to the jury as to her; set aside the verdict and judgment against defendant Parker Moon because plaintiff had failed to make a submissible case against him; overruled plaintiff's after-trial motion with respect to the verdict and judgment in favor of defendant Crosby; and overruled after-trial motions of defendants H'Doubler and May. Plaintiff and defendants H'Doubler and May appealed to the Springfield Court of Appeals, which Court adopted an opinion affirming in part, reversing in part, and remanding for new trial. We ordered the case transferred to this Court and it will be determined here "the same as on original appeal." Combellick v. Rooks, Mo.Sup., 401 S.W.2d 460. In this opinion, which is written on recent reassignment in this Court, we adopt, without the use of quotation marks, substantial portions of the opinion written by Stubbs, Special Judge, in the Springfield Court of Appeals.

On a cold Sunday afternoon, January 17, 1965, the plaintiff, defendant Crosby, and two other young men, decided to go ice-skating on a farm east of Springfield. They departed from Springfield in the Crosby car, with Crosby driving and plaintiff's brother Wayne in the front seat. Plaintiff and John Hambek were in the rear seat.

Defendants Parker and Zilpha Moon were, at the time, building a house west of the farm on which the boys proposed to go skating. Mill Street Road, a narrow, rough, blacktop road, runs east and west on the north side of the Moon property. The Moons had employed defendants H'Doubler and May to construct a driveway from their property onto the road. A tracked vehicle was used in the construction of the driveway. On occasion the vehicle was backed onto the road adjoining the drive-way, and there was evidence that the tracks had dug into the surface of the road, creating what was variously described as a "hole," a "rut" or a "groove."

Crosby and his passengers were traveling east, and, for some distance west of the Moon property, Mill Street Road consists of a series of hills. According to his passengers, Crosby's driving as he went over these hills gave them the sensation of riding on a roller coaster. Crosby himself did not testify, but the estimates of his speed immediately prior to the casualty varied from 55–60 to 80 miles per hour.

The automobile struck the hole adjacent to the Moon driveway, went out of control, traveled along the highway about 100 feet, sheared off a telephone pole, partially up-rooted some 50 to 75 feet of multiflora rose hedge, and overturned. Plaintiff was thrown out of the car and sustained severe injuries.

The plaintiff's general theory of recovery was that defendants Moon, May and H'Doubler had negligently made the road unsafe for eastbound travel by creating the hole, and that defendant Crosby was negli-gent in driving at a high and dangerous rate of speed. The case was submitted upon the asserted negligence of defendant Crosby, defendant Parker Moon, and defendants H'Doubler and May.

Plaintiff concedes that H'Doubler and May were independent contractors and that the general rule is that Parker Moon is not liable for the torts of these inde-pendent contractors over whose actions he had no right of control. Plaintiff relies, however, upon an exception to the general rule stated in Stubblefield v. Federal Re-serve Bank of St. Louis, 356 Mo. 1018, 204 S.W.2d 718, at 722, as follows: "One of the well recognized exceptions to the rule contended for by these two defendant-appellants is that, 'One who employs an independent contractor to do work, which the employer should recognize as necessarily requiring the creation during its progress of a condition involving a peculiar risk of bodily harm to others unless special pre-cautions are taken, is subject to liability for bodily harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions.' 2 Restatement, Torts, Secs. 413, 416. If the circumstances fall within this rule a primary, non-delegable duty is imposed upon the employer—or here upon the owner and general contractor and they may not escape that duty or responsi-bility upon the plea of independent contrac-tor."

We hold that the construction of the driveway in this case did not involve work which Parker Moon should have recognized "as necessarily requiring the creation dur-ing its progress of a condition involving a peculiar risk of bodily harm to others unless special precautions are taken, * * *." The exception to the general rule does not apply. Cf. Boulch v. John B. Gutmann Construction Company, Mo.App., 366 S.W. 2d 21.

Plaintiff further contends that Par-ker Moon had a duty to warn the public of

the dangerous condition on the highway because he had actual knowledge of the dangerous condition. The evidence does not support the contention. The question of law need not be considered.

■ Appellants attack the form of defendant Crosby's contributory negligence Instruction No. 3. Underwood asserts that Instruction No. 3 contained "a misdirection of law in that it permitted the jury to apply the standard of 'ordinary care' to the host-driver Crosby's primary negligence instead of the 'highest degree of care' which was the proper standard and in this respect Instruction No. 3 was in conflict with Instruction No. 2." H'Doubler and May also assert that "Instruction No. 3 improperly limits the issue of contributory negligence to one of several defendants and implies plaintiff could recover against these defendants even though contributorily negligent."

Instruction No. 2 reads as follows:

"Your verdict must be for the plaintiff, Richard Lee Underwood, and against defendant, Richard D. Crosby, if you believe:

First, defendant, Richard D. Crosby, drove at an excessive speed; and

Second, defendant was thereby negligent; and

Third, such negligence of Richard D. Crosby directly caused or combined with the acts of one or more of the other defendants to cause damage to plaintiff, Richard Lee Underwood,

unless you believe plaintiff is not entitled to recover by reason of Instruction No. 3. The term 'negligence' as used in this Instruction means the failure to use the highest degree of care which means that degree of care that a very careful and prudent person would use under the same or similar circumstances."

Instruction No. 3 reads as follows:

"Your verdict must be for the Defendant Crosby whether or not Defendant Crosby was negligent if you believe:

First, Defendant Crosby drove at an excessive speed, and

Second, plaintiff failed to adequately warn Defendant Crosby of his excessive speed and make adequate requests of Defendant Crosby to slacken the speed of his motor vehicle, and

Third, plaintiff's conduct submitted in Paragraph Second was negligent, and

Fourth, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

The term 'negligence' as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances."

Appellants' contentions are without merit. In the circumstances of this case, defendant Crosby properly followed the directions of MAI 28.01 and MAI 11.02. The instruction properly stated that negligence "as used in this instruction" means the failure to exercise "ordinary care." The words "as used in this instruction" properly and adequately limited the issue to the question of plaintiff's negligence. Further, we find no merit in the contention that Instruction No. 3 improperly limited the issue of contributory negligence to one of several defendants. Defendant Crosby was entitled to submit the issue of contributory negligence on plaintiff's cause of action against him.

Plaintiff further objects to the giving of Instruction No. 3 on the ground that the evidence did not warrant or justify any instruction on plaintiff's contributory negli-

gence. Consideration of this assignment requires some review of the facts.

Defendant Crosby did not testify. All of the evidence bearing on the issue of contributory negligence came from the plaintiff and the two other passengers in the automobile. The evidence shows that Mill Street Road just west of the Moon property is not only narrow and rough, but that there are several steep hills immediately west of the point at which the car went out of control. Crosby was driving east on the south side of Mill Street Road, and the sensation or effect produced by his driving was described by the plaintiff as follows: "Q. * * * [W]ould you describe these hills * * * as being a roller coaster or having a roller coaster effect? A. Yes. Q. And * * * isn't it true that as Mr. Crosby here was coming up one hill and down the other, that he would gun that car up the hill then gun it back down the other so that when you got to the bottom it sort of took the pit out of your stomach there; didn't he do that? A. I don't remember whether he gunned it or not, but I remember the feeling in my stomach. Q. In other words, it was just like when you were riding a roller coaster, you would catch your breath because it would feel like the bottom of your stomach would drop out, isn't that true? A. Yes, something like that." There is other evidence that just before he lost control of the car Crosby was driving at a high rate of speed.

The plaintiff stated that he asked Crosby to slow down on two occasions, once before they came to the hilly part of the road on "a stretch of dirt road there where it's gravel," and once "two or three hills back from where the accident occurred." On the first occasion, plaintiff could not see the speedometer, but Crosby was going "around 60, maybe more," and plaintiff asked him to slow down. Crosby slowed. After they came to the series of hills Crosby was again going "probably * * * around the same, around 60," and plaintiff again asked Crosby to slow down. Crosby did not respond.

Wayne Underwood, sitting in the front seat, recalled that plaintiff had asked Crosby to slow down on the "dirt road," some distance west of the point of the accident, but was unable to remember any second admonition. Hambek, who sat in the rear seat beside the plaintiff, testified that plaintiff objected to Crosby's speed "2 or 3 hills before the accident." It was brought out on cross-examination, in a pre-trial deposition, that Hambek had remembered no warning at all.

In determining whether the evidence was sufficient to support the giving of Instruction No. 3 we must consider the evidence in the light most favorable to defendant Crosby and give him the benefit of all favorable inferences reasonably deducible therefrom. Jackson v. Skelly Oil Company, Mo.Sup., 413 S.W.2d 239.

Crosby argues that the precautionary measures taken by the plaintiff were inadequate to discharge plaintiff's duty as a guest passenger. The point at which danger should have become reasonably manifest to plaintiff was a jury question. Hopper v. Conrow, Mo.Sup., 347 S.W.2d 896, 899. As a general rule the sufficiency of a guest's precautionary action should not be declared as a matter of law, but should be left to the jury. Lamfers v. Licklider, Mo.Sup., 332 S.W.2d 882, 889. We cannot say there was no issue of contributory negligence to submit.

Finally, appellants H'Doubler and May complain of allegedly prejudicial argument on the part of plaintiff's counsel and of allegedly prejudicial comments made by counsel for defendant Crosby during closing argument. The record shows that all objections made by H'Doubler and May were sustained. At no time did they request a mistrial. The point is without merit. Halley v. Schopp, Mo.Sup., 400 S.W.2d 123.

The judgment is affirmed.

All concur except STORCKMAN, J., absent.